DICKINSON, RECR., C., R. I. & P. RY. Co. *v.* WOMBLE.

Opinion on Motion for Judgment Against the Railway Company.*

RECEIVERS—PERSONAL INJURY ACTION—SUBSTITUTION OF RAILWAY COMPANY—JUDGMENT AGAINST RAILWAY COMPANY.—In a personal injury action a judgment was rendered against the receiver of a railway company; on appeal the railway company was substituted as appellant and the judgment affirmed. After a discharge of the receiver, *held*, this court will not render judgment against the railway company.

McCULLOCH, C. J. The judgment of the trial court was against the receiver of the railway corporation upon a cause of action which arose during the operation of the railroad by the receiver, for which the corporation was not responsible. After the rendition of the judgment the receiver was discharged by order of the court which appointed him, and the property in his hands was surrendered to the corporation, subject to all liabilities incurred by the receiver. The railway corporation then came to this court and asked to be substituted for the receiver, as appellant in the case, on the ground that it was interested in the result by reason of the surrender to it by the receiver of the property. The request was granted and the corporation was substituted. The judgment was affirmed, and we are now asked to render judgment against the substituted appellant.

We find no statutory authority for that procedure, and the rendition of such a judgment would constitute the exercise of original jurisdiction. The substitution was allowed because of a showing of interest by the corporation in the result of the appeal. To render judg-

---

*Original opinion reported on page 411, *infra*.   (Reporter.)

ment against the substituted appellant would necessitate a determination of the extent of that interest and the grounds of liability of the corporation, if any, for the debts of the receiver, and that would be an inquiry involving the exercise of original jurisdiction. The fact that a decision as to the liability of the railway corporation for debts of the receiver would depend entirely upon an interpretation of the order of court and the report of the receiver filed here by consent, and would not involve any outside investigation as to the facts, does not change the character of the proceedings so as to make it other than original. It would introduce a new issue not involved in the trial of the case below and the fact that it is an issue which arose since the trial below does not bring it within the appellate jurisdiction of this court. Appellee is, with respect to any remedy he may have as against the railway corporation by reason of its acceptance of a surrender of the property under the order of the court, in the same situation he was before the appeal was prosecuted to this court. He has merely secured here an affirmance of the judgment against the receiver and the question of liability of the railway corporation for the satisfaction of that judgment is one to be determined in a court of original jurisdiction in a suit to enforce that liability. Whether that should be by independent action or by intervention in the suit where the receivership was pending we can not now decide.

The denial of the remedy sought here is, of course, without prejudice to appellee's right to resort to any other available remedy in a court of original jurisdiction.

Motion overruled.